D. C. BURGER v. W. T. COOPER.

(Filed 20 December, 1919.)

1. **Contracts—Breach—Claim and Delivery—Replevin—Damages—Statutes—Cattle.**

Where the defendant has breached his contract of warranty of horses which he had traded for the plaintiff's mules, and thereupon the plaintiff had taken the horses home and kept them, the upkeep of the horses about equaling the benefit the plaintiff derived therefrom; and in plaintiff's action to recover possession with ancillary remedy of claim and delivery, the defendant kept and sold the mules under a replevy bond: *Held,* there being no allegation in the complaint except for the detention of the mules,

BURGER v. COOPER.

the measure of damages for the plaintiff is the difference between the ascertained value of the mules and horses, and interest thereon. Rev., 795.

**2. Appeal and Error—Judgment Modified—Premature Appeal—Costs.**

The appeal in this case may have been dismissed as premature, and the judgment appealed from being modified, the costs are taxed equally between the parties.

APPEAL by defendant from *Webb, J.*, at the June Special Term, 1919, of CHEROKEE.

This is an action to recover possession of two mules in which claim and delivery proceedings were resorted to, and the defendant gave bond, retained the mules, and sold them before the trial.

The plaintiff offered evidence tending to prove that on 2 April, 1917, he delivered to the defendant the two mules in exchange for a horse and mare and $25, with the understanding that if the horse and mare were not satisfactory the trade should be rescinded and the mules returned to him; that on the next day, finding that the horse and mare were not satisfactory, he carried them to the stables of the defendant and demanded the return of the mules, which was refused; that he then took the horse and mare to his home and retained them in his possession until the trial; that their services were not worth the expense of feeding them.

The evidence of the defendant contradicted all of this evidence in behalf of the plaintiff.

The jury returned the following verdict:

"1. Did the plaintiff and the defendant exchange horses and mules upon the conditions set forth in the plaintiff's complaint? Answer: 'Yes.'

"2. Is the plaintiff the owner of the mules referred to and described in the plaintiff's complaint? Answer: 'Yes.'

".3. What was the value of the mules at the time that they were replevied by plaintiff? Answer: '$250.'

"4. What was the value of the horse and mare at the time plaintiff took them into his possession? Answer: '$175.'

"5. What damage, if any, has plaintiff sustained by reason of defendant's replevy of the mules in question? Answer: '$200, with interest.' "

His Honor entered judgment in behalf of the plaintiff for the sum of $50, it being the difference in the value of the stock as fixed by the jury, with interest thereon from 4 April, 1917.

He also ordered that the answer to the fifth issue be stricken out, and that that issue be submitted to another jury, to which last order the defendant excepted and appealed.

*No counsel for plaintiff.*
*Edmund B. Norvell for defendant.*

ALLEN, J.   The only exception in the record presents for review the correctness of the ruling setting aside the finding upon the fifth issue of damages with directions to resubmit the issue to another jury, and in this there was error.

The plaintiff alleges no damages in the complaint except for the detention of the two mules, which the statute (Rev., 795) fixes at interest on the value of the property at the time of the seizure, and this has been awarded him in the judgment. .

He does not allege that he was compelled to incur expense in feeding the horse and mare, and, on the contrary, he shows by his own evidence that after the defendant refused to rescind the trade and return the mules, he voluntarily took the horse and mare from the stables of the defendant, where he had placed them, and carried them to his own home and kept them, and it also appears from the verdict that there was very little difference in the value of the horse and mare and the mules, indicating that he preferred to keep what he had, and that he thought their services were worth their feed.

The judgment must therefore be modified by striking out the order directing that the fifth issue be submitted to another jury.

The costs of the Supreme Court will be divided between the plaintiff and defendant, as the appeal might have been dismissed as premature.

Modified and affirmed.